| UNITED STATES DISTRICT COURT |
| --- |
| EASTERN DISTRICT OF NEW YORK |

UNITED STATES OF AMERICA,

v.

VIJAY KHEMRAJ,

Defendant.

08-CR-332

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On September 8, 2008, Vijay Anand Khemraj pled guilty to count two of a twelve-count indictment, which charged that between September 21, 2006 and April 13, 2007, the defendant, together with others, conspired to execute a scheme to defraud two mortgage companies, to obtain money, funds and credits owned by and under the control of the mortgage companies by means of materially false and fraudulent pretenses, representations and promises, in violation of 18 U.S.C. §§ 1349 and 1344.

Khemraj was sentenced on January 23, 2009. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal). The open charges against the defendant were dismissed upon motion by the government.

At sentencing, the court found the total offense level to be twenty-eight. The court found that defendant's criminal history category of five over-represented his actual criminal history and downwardly departed to criminal history category three. These findings yielded a guidelines range of imprisonment of between 97 and 121 months. The offense carried a maximum term of imprisonment of thirty years. See 18 U.S.C. § 1344. The guidelines range of fine was from $12,500 to $125,000. The maximum fine was $1,033,380. See 18 U.S.C. § 3571(d).

Khemraj was sentenced to 97 months imprisonment and three years supervised release. A $100 special assessment was imposed. A restitution order in the amount of $5,166,900 was entered against the defendant, to be imposed jointly and severally against all defendants

sentenced in this case. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine, in light of the sentence of imprisonment and the restitution order.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The Presentence Investigation Report indicated that a criminal history category of five might over-represent the defendant's prior criminal conduct. The court departed downward on defendant's criminal history category, based on a determination that "defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history" and "the likelihood that the defendant will commit other crimes." See U.S.S.G. § 4A1.3(b)(1). The court found that because of the disparate nature of the past crimes and the fact that they were spread over time, the appropriate criminal history category was three. See Sentencing Tr. 21, Jan. 23, 2009.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The defendant was the leader of a mortgage fraud conspiracy. He is relatively youthful and may be preyed upon in prison. He has supported his two children, and is a bright individual capable of making a legitimate contribution to society. A sentence at the bottom of the guidelines range, after adjusting the criminal history category, reflects the seriousness of the offense, will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a

clear message that any involvement in mortgage fraud will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation.

						_____
						Jack B. Weinstein
						Senior United States District Judge

Dated: February 5, 2009
		Brooklyn, New York